UNITED STATES BANKRUPTCY COURT
DISTRICT OF OREGON

In re _____

Case No. _____

☐ Amended

Debtor

**CHAPTER 13 DEBTOR'S ATTORNEY'S COMPENSATION DISCLOSURE AND APPLICATION**

1. This compensation disclosure and application is made by debtor's attorney (applicant). Applicant applies for allowance of the compensation and expense reimbursement described herein.

2. Agreement [*check one*]

   ☐ A copy of the written agreement between debtor and applicant required by 11 U.S.C. § 528(a)(1) is attached.

   ☐ No agreement is attached because:

3. Payments

   a. As of the date of this Local Bankruptcy Form (LBF) 1305, the amount that applicant has received as compensation for services rendered or to be rendered or expenses incurred or to be incurred in contemplation of or in connection with the case, including the petition filing fee, whether or not held in trust, is $_____.

   b. Any amount received after the petition date is $_____.

   c. Any source of payment to applicant other than debtor is:_____.

   d. As of the date of this LBF 1305, the amount of expenses incurred in contemplation of or in connection with the case, including the petition filing fee, that applicant has paid, whether from applicant's funds or funds held in trust, is: $_____.

4. Schedule [*select Schedule 1, 2.(a), 2.(b), or 3, and complete corresponding blanks*]

   a. **Schedule 1** (life-of-the-case fixed fee):

i.  Applicant has agreed to perform all legal services to debtor that are reasonably necessary in or in connection with this case for the entire life of the case, including contested matter litigation, but excluding adversary proceedings and appeals for the fixed fee of $_____ [*$5,500 maximum*] plus expenses of $_____ [*$600 maximum*], for a total of $_____.

ii. The unpaid agreed fee and expense amount is $_____ [*amount in paragraph 4.a.i. less the amount in paragraph 3.a.*].

b.  **Schedule 2.(a)** (fixed fee through confirmation and initial audit of claims):
   i.  Applicant has agreed to perform all legal services to debtor that are reasonably necessary in or in connection with this case through confirmation of the plan and the initial audit of claims, including prepetition services in contemplation of the case, for the fixed total amount of $_____ [*$3,750 maximum*].

   ii. The unpaid portion of the agreed amount for services described in paragraph 4.b.i is $_____ [*amount in paragraph 4.b.i less the amount in paragraph 3.a. plus the portion of the amount in paragraph 3.a that applicant received for expenses*].

   iii. Applicant has also agreed to perform all other legal services to debtor that are reasonably necessary in or in connection with this case on the terms set forth in the attached agreement or, if there is no written agreement, as follows:

c.  **Schedule 2.(b)** (hourly; estimated amount through confirmation and initial audit of claims):

   i.  Applicant has agreed to perform all legal services to debtor that are reasonably necessary for this case at hourly rates. The estimated total amount of compensation and expense reimbursement for all services through confirmation of the plan and the initial audit of claims, including prepetition services in contemplation of the case, is $_____. The earliest date of the services for which applicant seeks compensation is _____.

   ii. The unpaid estimated compensation and expenses is $_____ [*amount in paragraph 4.c.i less the amount in paragraph 3.a.*].

iii. The agreement for compensation and expense reimbursement for all services and expenses in and in connection with this case is set forth in the attached agreement or, if there is no agreement, as follows:

d. **Schedule 3** (other):

i. Applicant has agreed to provide debtor with services in or in connection with this case on the terms set forth in the attached agreement or, if there is no written agreement, as follows:

ii. If another attorney previously filed an LBF 1305 in this case selecting Schedule 1 or, if the other attorney did not complete services through plan confirmation and the initial audit of claims, Schedule 2(a), the following is a description of incomplete services, compensation paid by the trustee to the other attorney, and any agreement among the other attorney and the debtor regarding the other attorney's fees:

5. If applicant has previously shared any compensation or there exists any agreement or understanding between applicant and any other entity for the sharing of compensation received or to be received for services rendered in or in connection with this case, other than as a member or regular associate of a firm of attorneys, the details of the sharing or sharing agreement are as follows:

6. On _____, applicant served this document on debtor.

                        _____
                        Applicant's Signature

                        _____
                        Type or Print Applicant's Name       OSB#

                        _____
                        Applicant's Telephone Number

                        _____
                        Applicant's Service Address

                        _____

**Instructions**

*See* Local Bankruptcy Rule (LBR) 2016-1(e) regarding who must file LBF 1305 and when it and any amendment must be filed.

*See* instructions in LBF 1307, *Chapter 13 Debtor's Attorney's Supplemental-Compensation Application*, regarding required contemporaneous time records.

Paragraph 4.(c) of the chapter 13 plan on LBF 1300.22 must be completed consistently with this LBF 1305.

If applicant selects Schedule 2.(b) and the agreed estimated total compensation, before credit for payments, exceeds $3,750, applicant must file a Chapter 13 Debtor's Attorney's Schedule 2.(b) Itemization on LBF 1306 no later than seven days before the final plan-confirmation hearing (*see* LBR 2016-1(e)(2)(A)).

1305 (12/1/2022)                         Page 4 of 4



**Thomas A. McAvity, Managing Attorney**

Jeff Williams, Paralegal || Melissa Phillips, Paralegal

CHAPTER 13 BANKRUPTCY FEE AGREEMENT

_____   _____
                    Debtor 1 Name                                         Debtor 2 Name

1. **Parties:** This agreement is between **Northwest Debt Relief Law Firm (NWDR)**, a "Debt Relief Agency" as defined by US Bankruptcy Code, and the above-named Client(s). In this agreement "Attorney(s)" means NWDR and its staff.

2. **Scope of Representation:** Client retains NWDR to provide legal services in a Chapter 13 bankruptcy case. Services to be rendered include, but are not limited to, advice to Client before and during the case concerning the nature and effect of Chapter 13 bankruptcy; pre-petition planning and counseling; necessary consultations and interviews; analysis of information relating to Client's financial affairs; preparation and filing of the petition, schedules, statements, and Chapter 13 plan; attendance at the meeting of creditors and all court hearings (except as otherwise excluded in this Agreement); negotiations with creditors and trustee to present a confirmable plan; preparation of defense in the event of a motion to dismiss or motion for relief from stay; preparation of motions to amend the plan, add creditors, incur credit or suspend payments; preparation and filing of motions to avoid liens and other routine pleadings; review of claims and related matters; continued monitoring of all pleadings filed in the case; and preparation and filing of discharge documents; and other regular and routine services not specifically stated herein.

3. **Client Responsibilities:** Provide complete, truthful, and accurate information at all times; timely provide Attorney with all documents requested by Attorney; promptly respond to all communications from Attorney; cooperate with Attorney in preparing all required bankruptcy papers and documents, thoroughly reviewing drafts of documents, and promptly advising Attorney of corrections or additions needed; keep Attorney informed of Client's address and telephone number; inform Attorney of any significant financial changes that occur during the Chapter 13 case

4. **Fees and Costs:** All fees are *earned upon receipt.* Client must pay pre-filing fees of $_____ to file the case unless otherwise arranged with NWDR. From the pre-filing fees, NWDR will pay the credit report fee of $37.00 and the court filing fee of $313.00 according to one of the following two (2) options:

    a. ____ $313.00 filing fee paid to court in full.

    b. ____ $185.00 filing fee and client pays the $128.00 balance directly to the Bankruptcy Court within 45 days of case filing.

The remaining attorney fees are paid through Client's Chapter 13 Plan payments according to one of the four (4) following arrangements to be determined by your attorney at the time of your case filing.

    a. ____ Flat Fee of $3,750.00 for all services provided through confirmation and initial audit of claims; hourly at rates under paragraph 10 for all services provided after confirmation.

    b. ____ Hourly according to rates under paragraph 10 below; pre-confirmation fees are *estimated* at $4,200.00

    c. ____ Flat Fee for the total life of the Chapter 13 case of $5,500.00

    d. ____ Other:_____
    _____

NWDR Law Firm – Ch. 13 Bankruptcy Fee Agreement     1     Revised 04/23

**650 NE Holladay St. Ste. 1600 Portland, OR 97232**
**207 E 5th Ave. Ste. 235 Eugene, OR 97401 || 122 E Main St. Ste. 400-3 Medford, OR 97501**

Case 23-32080-dwh13    Doc 4    Filed 09/14/23

5. **Other Fee Provisions**:

    a. <u>Dismissal of case pre-confirmation:</u> If the case is dismissed prior to confirmation, Client agrees that NWDR may bill for work done based on the rates in paragraph 10. These fees may not exceed $3,750.00.

    b. <u>Funds received by attorney:</u> NWDR may endorse checks made payable to Client in NWDR's possession including refunds from the Trustee and may apply these funds to any unpaid fees.

    c. <u>Conversion:</u> NWDR will require a separate Chapter 7 fee agreement for conversion.

    d. <u>Refund of fees:</u> Upon cancellation of services, any funds held in trust, including funds intended to pay filing fees, will be applied first to unpaid attorney fees, and then to costs.

6. **Limitations of Representation**: NWDR agrees to represent Client in US Bankruptcy Court only. Our advice provided is based on Client's representations and the law existing at the time of filing. If the law or Client's situation changes, the outcome and/or objective of the representation may change. NWDR makes no guarantees regarding the outcome of Client's case.

7. **Adversary Proceedings**: NWDR will offer general advice regarding Adversary Proceedings but will generally not represent Client in Adversary Proceedings without a separate fee arrangement. Exceptions exist on a case-by-case basis, such as second mortgage lien strip proceedings.

8. **Termination of Representation:** Client may terminate services at any time. The circumstances under which NWDR may terminate services include, but are not limited to, the following: a) the client's conduct renders it unreasonably difficult for the Attorney to carry out the employment effectively, and b) the client fails substantially to fulfill an obligation to the Attorney regarding the Attorney's services and has been given reasonable warning that the Attorney will withdraw unless the obligation is fulfilled. Representation in this case terminates at the closure or dismissal of the bankruptcy case. The withdrawal must comply with Oregon Rules of Professional Conduct Rule 1.16.

9. **Costs Associated with Filing**: Client is responsible for all costs incurred in your case including but not limited to: court fees, credit reports, appraisals and production of documents.

10. **Hourly Rates:** NWDR's current hourly rates are as follows: All Attorneys: Thomas McAvity $390 per hour; Paralegals $205 an hour; Non-attorney/non- paralegal staff: $150 an hour. These rates are subject to an annual increase of no more than $20 per hour.

_____  /s/ *Thomas A. McAvity*
Debtor 1 Signature                Date       Thomas A. McAvity, Attorney at Law
                                              OSB#001751

_____
Debtor 2 Signature                Date

NWDR Law Firm – Ch. 13 Bankruptcy Fee Agreement        2        Revised 04/23

**650 NE Holladay St. Ste. 1600 Portland, OR 97232**
**207 E 5th Ave. Ste. 235 Eugene, OR 97401 || 122 E Main St. Ste. 400-3 Medford, OR 97501**

Case 23-32080-dwh13    Doc 4    Filed 09/14/23